UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CONQUEST INNOVATIONS, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>THE SKYLIFE COMPANY, INC.,<br><br>　　　　　　Defendant. | CASE NO. C15-5697 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S PETITION FOR FEES AND COSTS |

This matter comes before the Court on Defendant The SkyLIFE Company, Inc.'s ("SkyLife") petition for fees (Dkt. 50). The Court has considered the pleadings filed in support of and in opposition to the petition and the remainder of the file and hereby rules as follows:

**I. PROCEDURAL HISTORY**

On September 28, 2015, Plaintiff Conquest Innovations, LLC ("Conquest") filed a complaint against SkyLIFE asserting causes of action for infringement of U.S. Patent No. 7,167,827 (the "'827 Patent"), breach of mutual nondisclosure agreement, and unfair competition. Dkt. 1. On November 23, 2015, SkyLIFE filed a motion to dismiss. Dkt.

ORDER - 1

21. On January 26, 2016, the Court stayed the matter pending a reexamination of the '827 Patent. Dkt. 33.

On September 27, 2016, Conquest filed a notice informing the Court that all claims in the '827 Patent had been cancelled and that it was voluntarily dismissing its complaint. Dkt. 36. Although SkyLIFE opposed the voluntary dismissal, the Court granted the motion. Dkt. 40.

On November 9, 2016, SkyLIFE moved for attorney fees and costs. Dkt. 41. On January 26, 2017, the Court granted the motion in part, denied it in part, and requested a revised petition for fees. Dkt. 49. On January 26, 2017, SkyLife filed the instant motion. Dkt. 50. On February 13, 2017, Conquest responded and presented new argument and authority in opposition to any award. Dkt. 52. On February 16, 2017, SkyLife replied. Dkt. 54.

## II. DISCUSSION

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. SkyLife cites, for the first time, that "[w]hen an action embraces both patent and non-patent claims, no fees under section 285 can be awarded for time incurred in litigation of the non-patent issues." *Gjerlov v. Schuyler Labs., Inc.*, 131 F.3d 1016, 1025 (Fed. Cir. 1997) (quoting *Machinery Corp. of Am. v. Gullfiber AB*, 774 F.2d 467, 475 (Fed.Cir. 1985)).

In this case, the Court concluded that Conquest's entire case was suspect and extraordinarily weak, rendering this as an exception case wanrring an award of attorney fees. Conquest, however, has cited authority that, under § 285, SkyLife may not be

awarded fees and costs for Conquest's frivolous contract claim. *Gjerlov*, 131 F.3d at 1025. Upon review of SkyLife's billing records, the Court finds that the record does not reflect a separate accounting for SkyLife's fees between Conquest's patent related claims and contract claim. Despite the failure to separate the work, Conquest concedes that $30,482.02 is an appropriate award. Dkt. 52 at 9. The Court agrees and will award this amount.

## III. ORDER

Therefore, it is hereby **ORDERED** that SkyLife's petition for fees (Dkt. 50) is **GRANTED in part** and **DENIED in part**, SkyLife is awarded $30,482.02 in fees and costs, and the Clerk shall enter **JUDGMENT** against Conquest for this amount.

Dated this 27th day of March, 2017.

BENJAMIN H. SETTLE
United States District Judge