UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CONQUEST INNOVATIONS, LLC,<br><br>                Plaintiff,<br><br>   v.<br><br>THE SKYLIFE COMPANY, INC.,<br><br>                Defendant. | CASE NO. C15-5697 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendant SkyLIFE Company, Inc.'s motion for reconsideration (Dkt. 56).

On September 28, 2015, Plaintiff Conquest Innovations, LLC ("Conquest") filed a complaint against SkyLIFE asserting causes of action for infringement of U.S. Patent No. 7,167,827 (the "'827 Patent"), breach of mutual nondisclosure agreement, and unfair competition. Dkt. 1. On November 23, 2015, SkyLIFE filed a motion to dismiss. Dkt. 21. On January 26, 2016, the Court stayed the matter pending a reexamination of the '827 Patent. Dkt. 33.

On September 27, 2016, Conquest filed a notice informing the Court that all claims in the '827 Patent had been cancelled and that it was voluntarily dismissing its

ORDER - 1

complaint. Dkt. 36. Although SkyLIFE opposed the voluntary dismissal, the Court granted the motion. Dkt. 40.

On November 9, 2016, SkyLIFE moved for attorney fees and costs. Dkt. 41. On January 26, 2017, the Court granted the motion in part, denied it in part, and requested a revised petition for fees. Dkt. 49. On January 26, 2017, SkyLIFE filed a revised petition. Dkt. 50. On February 13, 2017, Conquest responded and presented new argument and authority in opposition to any award. Dkt. 52.

On March 27, 2017, the Court granted the revised petition in part and awarded $30,482.02 in fees and costs. Dkt. 55. In relevant part, the Court concluded that SkyLIFE had failed to properly separate its fees between the patent-related claims and the contract claim. *Id.* On April 10, 2017, SkyLIFE filed a motion for reconsideration. Dkt. 56.

Motions for reconsideration are governed by the Local Rule of Procedure 7(h), which provides:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules, W.D. Wash. LCR 7(h).

In this case, SkyLIFE contends that the Court committed legal error in reducing the award of fees and ignored other bases to award fees. Dkt. 56. First, SkyLIFE contends that fees should be awarded for defense of the contract claim because the claim is intertwined with the patent issues. *Id*. at 2–5. The Court disagrees. The alleged

breach of the non-disclosure agreement did not rise or fall with the alleged patent infringement. In fact, the patent could be invalid and Conquest could still pursue breach of its agreements not to disclose certain information. Therefore, the Court denies SkyLIFE's motion on this issue.

Second, SkyLIFE argues for the first time that it is entitled to fees and costs under "the Lanham Act and Rule 11." Dkt. 56 at 5. The Court declines to consider these issues because they could have been raised earlier with reasonable diligence. Besides, the most appropriate method for awarding fees would have been enforcement of the contract itself. *See* Dkt. 1-4, ¶ 12. Therefore, the Court **DENIES** SkyLIFE's motion for reconsideration.

**IT IS SO ORDERED**.

Dated this 3rd day of May, 2017.

BENJAMIN H. SETTLE
United States District Judge